**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 04-1810**

—————

FREDERICK P. HENRY,

Plaintiff - Appellee,

versus

ROBERT PURNELL,

Defendant - Appellant.

—————

Appeal from the United States District Court for the District of Maryland, at Baltimore.   J. Frederick Motz, District Judge. (CA-04-979-JFM)

—————

Submitted:  November 24, 2004        Decided:  January 3, 2005

—————

Before WILLIAMS, GREGORY, and SHEDD, Circuit Judges.

—————

Dismissed by unpublished per curiam opinion.

—————

John F. Breads, Jr., Columbia, Maryland, for Appellant.   Eric M. May, Washington, D.C., for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Somerset County Deputy Sheriff Robert Purnell appeals the district court's order denying his motion for summary judgment in Frederick P. Henry's 42 U.S.C. § 1983 (2000) suit alleging excessive force during an arrest. Purnell asserted in his motion that he was entitled to qualified immunity. On appeal, Henry alleges that this court lacks jurisdiction over this interlocutory appeal. We agree.

In his complaint, Henry asserted that Purnell, mistakenly believing Henry was fleeing from an arrest, shot Henry in the elbow. Purnell's motion for summary judgment included Purnell's affidavit, which alleged that when Henry ran away as Purnell was attempting to arrest him, Purnell "reached for [his] Taser." As he ran after Henry, Purnell "believed that [he] had unholstered [his] Taser and was holding it in [his] hand." When he fired and heard the sound of a gunshot, Purnell realized he had grabbed the wrong weapon. Purnell argued that, because he reasonably (but mistakenly) believed that he was acting in accordance with constitutional mandates, he was entitled to qualified immunity. In response, Henry challenged Purnell's allegations by noting that (1) there is a marked difference between the two weapons carried by Purnell, and (2) Purnell took approximately sixty seconds after shooting Henry to claim that the shooting was accidental.

- 2 -

The district court denied Purnell's motion.  Although the court determined that an accidental shooting would not give rise to a constitutional claim, the court noted that "Mr. Purnell's assertions, both now and contemporaneously at the time of the incident, that he had drawn the wrong weapon do not establish that he is entitled to judgment as a matter of law.  These assertions necessarily depend upon his credibility and therefore give rise to a genuine dispute of material fact."

While interlocutory orders ordinarily are not appealable, orders rejecting a defendant's claim of qualified immunity are, provided the denial rests on a purely legal determination that the facts establish a violation of clearly established law.  Johnson v. Jones, 515 U.S. 304, 316-17 (1995); Mitchell v. Forsyth, 472 U.S. 511, 530 (1985).  However, "to the extent that the appealing official seeks to argue the insufficiency of the evidence to raise a genuine issue of material fact--for example, that the evidence presented was insufficient to support a conclusion that the official engaged in the particular conduct alleged--we do not possess jurisdiction . . . to consider the claim."  Winfield v. Bass, 106 F.3d 525, 529-30 (4th Cir. 1997).  In other words, if the official argues that the record evidence is insufficient to support the facts as articulated by the district court, the reviewing court lacks jurisdiction to entertain the appeal.  Gray-Hopkins v. Prince George's County, 309 F.3d 224, 229 (4th Cir. 2002).

- 3 -

On appeal, Purnell argues that the record does not support the district court's conclusion that a factual dispute exists regarding his intent, and that he is therefore entitled to qualified immunity.[*] Purnell's argument, however, is not a legal one, but instead challenges the district court's factual findings. We therefore lack jurisdiction over and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*]Purnell also argues that the district court did not find that such a factual dispute existed. We reject this argument. The district court found that Purnell's "assertions [that he inadvertently drew his gun] necessarily depend upon his credibility and therefore give rise to a genuine dispute of material fact."

- 4 -